UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL ALTAZAN, ET AL          *          CIVIL ACTION

VERSUS                          *          NO: 06-1429

INLAND FABRICATORS, LLC AND     *          SECTION: "D"(5)
ROGER E. THOMAS

### ORDER AND REASONS

Before the court is the **"Motion for Summary Judgment"** filed by Plaintiffs, Michael Altazan, *et al.*  Defendants, Inland Fabricators, L.L.C. and Roger E. Thomas, filed a memorandum in opposition.  The motion, set for hearing on Wednesday, November 8, 2006, is before the court on briefs, without oral argument.

Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that there are genuine issues of material fact regarding the hours worked and vacation accrued for most of the plaintiffs.  Accordingly, the court **DENIES** Plaintiffs' **"Motion for Summary Judgment."**

The court urges the parties to work together resolve the factual issues pertaining to the number of hours worked and vacation accrued; however, if the parties cannot do so, they should

advise the court no later than **Wednesday, January 31, 2007**, and the court will order the parties to bring these issues to Magistrate Judge Chasez for a recommended resolution.

Until these factual issues are resolved, the court will not decide the legal issues (including whether or not "per diem" is an amount due under the Louisiana Wage Payment Law, LSA-R.S. 23:631; and whether or not Roger E. Thomas was the plaintiffs' "employer" liable for penalty wages and attorney's fees and costs under LSA-R.S. 23:632) presented in the motion and opposition.  Further, with regard to whether Defendants are liable for liquidated damages under the Fair Labor Standard Act (FSLA), 29 U.S.C. §216(b), the court will consider whether or not Defendants have a good faith defense but to do so, the court will require the testimony of Roger E. Thomas, either by deposition or live at Trial.[1]

Finally, the parties initially anticipated that all issues could be resolved via summary judgment, and thus dates for a Trial and Pre-Trial Conference (with attendant cut-off dates) were not set to allow potential resolution of all issues through summary

---

[1]   The court notes that the award of attorney's fees under LSA-R.S. 23:632, is mandatory when an employee brings a "well-founded" suit for unpaid wages, irrespective of any equitable defenses that may be raised.  *Wilson v. Inessa Stewart's Antiques, Inc.*, 708 So.2d 1132, 1135 (La. App. 1st Cir. 1998).
       Suits in which the recovery of back wages is granted are considered "well-founded."  (*Id*).  Further, in a well-founded suit for unpaid wages, reasonable attorney's fees are to be awarded even if penalty wages are not due.  (*Id.*).

judgment.  (*See* court's Order, Doc. No. 42, entered on August 10, 2006).  Because the court has now denied Plaintiff's Motion for Summary Judgment, the court **ORDERS** that the Courtroom Deputy hold a **Telephone Conference** with counsel of record on **<u>Thursday, November 30, 2006 at 10:30 a.m.</u>** to select dates for the Trial, Pre-Trial Conference and attendant cut-off dates.

Upon resolution of the factual issues, the parties may file engage in further motion practice to resolve the legal issues.

New Orleans, Louisiana, this **6th** day of **November**, **2006**.

```
                          _____
                                   A.J. MCNAMARA
                          UNITED STATES DISTRICT JUDGE
```